**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**MONROE DIVISION**

| | | |
|---|---|---|
| JEROME L. GRIMES | * | CIVIL ACTION NO. 16-1736 |
| VERSUS | * | JUDGE ROBERT G. JAMES |
| TIMOTHY STEPHENS, ET AL. | * | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Before the undersigned magistrate judge, on reference from the District Court pursuant to 28 U.S.C. § 636(b)(1)(B), is a motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 11] filed by defendants Timothy Stephens and the Monroe Police Department. The motion is opposed. For reasons assigned below, it is recommended that the motion be DENIED, as argued, but that plaintiff's claims be dismissed without prejudice pursuant to *Wallace v. Kato*.

**I.     Background**

On July 11, 2015, Jerome Grimes was involved in an altercation with Dustin Johnson and Elizabeth Warshaw at, or in front of the Kangaroo Oil and Gas Station located off of I-20, Monroe, Louisiana. According to Grimes, Johnson assaulted him with a baseball bat and tear gas spray pursuant to a "covert, 4th of July, 2015 (Post July 4th) terrorist" plot. (Compl., ¶ 4). At approximately 10:45 p.m., City of Monroe police officer Timothy Stephens responded to an emergency call regarding the incident. After interviewing several witnesses, Officer Stevens arrested Grimes for aggravated battery and aggravated assault. On January 13, 2015, Grimes was released from custody, but subsequently failed to appear at one or more of his scheduled

court appearances regarding the charges against him. *See* Ruling in *Grimes v. Johnson*, No. 15-2065 [doc. # 40] (W.D. La. 11/22/2016) ("*Grimes I*").

Meanwhile, two days after his release from custody, i.e., on July 15, 2015, Grimes filed suit in this court against Dustin Johnson, Elizabeth Warshaw, and Officer Timothy Stephens. *See Grimes I*.[1] He asserted claims for false arrest, intimidation, invasion of privacy with terror intent, deliberate indifference, defamation of character, conspiracy, post-4th of July terrorism, and attempted murder, amongst others. His requested relief included dismissal of the state court criminal charges against him because of defendants' failure to secure exculpatory evidence on his behalf -- i.e., the Kangaroo Gas Station video surveillance cd-rom. He also prayed for $26,000 in compensatory damages and $43,000 in punitive damages.

On December 8, 2015, the Clerk of Court dismissed all defendants (save for Officer Stephens) for failure to timely perfect service. (Dec. 8, 2015, Order [doc. # 12] in *Grimes I*). On September 8, 2016, Officer Stephens filed a motion for summary judgment seeking dismissal of plaintiff's claims. In his opposition memorandum, Grimes reasserted a claim for tampering/destruction of the video surveillance security DVD in violation of his right to exculpatory evidence under the Fourth, Fourteenth, Sixteenth Amendments to the U.S. Constitution. [doc. # 39] in *Grimes I*.

In a November 22, 2016, ruling and judgment, the District Court granted in part and denied in part the motion for summary judgment, as follows:

> [t]o the extent Defendant Officer Stephens moves for summary judgment on Grimes' defamation claim under Louisiana law, his motion is GRANTED, and

---

[1] Grimes later amended his complaint to join defendant, Jane Doe, the unknown cashier at the Kangaroo Gas Station. (New Information, [doc. # 8]).

2

> that claim is DISMISSED WITH PREJUDICE. To the extent that Officer
> Stephens moves for summary judgment on Grimes' § 1983 claims, the motion is
> DENIED. However, Grimes' § 1983 claims are DISMISSED WITHOUT
> PREJUDICE pursuant to *Wallace v. Kato*.

(Ruling and Judgment in *Grimes v. Johnson*, No. 15-2065 [doc. #s 40-41] (W.D. La. 11/22/2016)).

In so holding, the court specifically declined to reach the merits of Grimes' § 1983 claims. *Id*. Rather, it dismissed the action without prejudice to Grimes' ability to bring a § 1983 action upon the final resolution of his criminal case. *Id*. Furthermore, insofar as Grimes sought to assert additional claims in his opposition memorandum, the Court declined to permit plaintiff to do so because the allegations remained conclusory, fanciful, fantastic, delusional, and therefore, futile. *Id*.

In lieu of an appeal, and in the absence of any allegation that his pending criminal case had resolved, Grimes re-instituted the instant suit on December 19, 2016, against Officer Timothy Stephens and Stephens' employer, the City of Monroe Police Department. *See* Compl. and Amend. Compl. [doc. #s 1 & 3]. He asserted claims for violation of his rights to a fair trial arising under the First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the U.S. Constitution, stemming from defendants' failure to procure and/or preserve the Kangaroo Gas Station exculpatory video surveillance of the events that transpired on July 11, 2015. He requested compensatory and punitive damages totaling $196,000.

On March 20, 2017, defendants filed the instant motion to dismiss for failure to state a claim upon which relief can be granted. Defendants contend that the instant suit is barred under principles of res judicata. Plaintiff filed a response and supplemental response. [doc. #s 13, 15]. Defendants did not file a reply, and the time to do so has lapsed. *See* Notice of Motion Setting. [doc. # 12]. Thus, the matter is ripe.

## II.     12(b)(6) Standard

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. Oct. 10, 2008) (citations and

4

internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011).[2]

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (court may take judicial notice of matters of public record). Because they are public records, the court may take judicial notice of court pleadings in other cases. *Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 Fed. Appx. 617, 618 n.1 (5th Cir.2015) (citations omitted).

## III. Analysis

The doctrine of res judicata encompasses two separate, but linked preclusive doctrines: "(1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466-67 (5th Cir. 2013) (citations omitted). True res judicata "has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id*.

---

[2] "Courts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted).

Defendants contend that the District Court's judgment in *Grimes I* serves as a final judgment for res judicata purposes in this suit. However, in *Grimes I*, the Court dismissed plaintiff's § 1983 claims *without prejudice*. Moreover, it is manifest that a "dismissal . . . without prejudice is a dismissal that does not operat[e] as an adjudication upon the merits . . . and thus does not have a res judicata effect." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396, 110 S.Ct. 2447, 2456 (1990) (internal quotation marks and citation omitted). In sum, defendants have failed to establish all elements for application of res judicata, and therefore, the requested preclusive relief remains unavailable.

Nonetheless, in any case where the court has authorized the plaintiff to proceed IFP, the court, at any time, shall dismiss a defendant against whom the action: proves patently frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief that is barred by a defense of immunity. *See* 28 U.S.C. 1915(e)(2)(B) & (C). The court may screen the complaint and enter such dismissals, *sua sponte*.[3] In so doing, the court may consider affirmative defenses that are apparent from the record. *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

In this case, although plaintiff did not invoke 42 U.S.C. § 1983 *per se*, he asserted violations of his constitutional rights, which are not redressable directly. Rather, plaintiff must

---

[3] *See e.g., Allard v. Quinlan Pest Control Co., Inc.*, 387 Fed. Appx. 433, 440 (5th Cir. July 13, 2010) (unpubl.); *Chapman v. Arlington Housing Authority*, 145 Fed. Appx. 496 (5th Cir. Oct. 12, 2005) (unpubl.); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)); *see also Spann v. Woods*, 1995 WL 534901 (5th Cir. 1995) (unpubl.) (the district court sua sponte dismissed claims under 12(b)(6) although the defendants never filed a motion to dismiss, nor did they plead failure to state a claim in their answer); *McCoy v. Wade*, 2007 WL 1098738, *1 (W.D. La. Mar. 12, 2007) (the report and recommendation itself provides adequate notice to the parties).

pursue his constitutional claims via 42 U.S.C. § 1983, or not at all. *Coleman v. Mississippi Dep't of Marine Res.*, 16-0289, 2016 WL 5794772, at *2 (S.D. Miss. Oct. 4, 2016) (citations omitted); *Burns-Toole v. Byrne*, 11 F.3d 1270, 1273 n.3 (5th Cir.1994) (constitutional claims are subject to dismissal where plaintiff did not invoke § 1983) ; *Mitchell v. City of Houston, Tex.*, 57 Fed. Appx. 211 (5th Cir.2003).

Having construed plaintiff's constitutional claims as necessarily asserted via § 1983, and considering that plaintiff's claims against Stephens in this suit were included in *Grimes I*, combined with the conspicuous absence of any allegations that plaintiff's criminal case has resolved, the undersigned is compelled to find that plaintiff's claims against Stephens are subject to dismissal without prejudice on the same basis as in *Grimes I*.

In other words, the arguments raised by plaintiff have been considered by another judge in this district (actually, by the same presiding judge) in a case involving the same facts, parties, and the same controlling principles of law. Therefore, the principles of stare decisis, as well as the sound reasoning of that judge's opinion, dictate that the undersigned reach the same result. *Giles v. Univ. of Mississippi ex rel. Khayat*, No. 99-1125, 2000 WL 33907681, at *3 (N.D. Miss. Aug. 29, 2000) (citation omitted).

Finally, while the City of Monroe Police Department is an additional defendant in this case that was not present in *Grimes I*, it is manifest that § 1983 liability against a government entity is limited as provided in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691, 98 S.Ct. 2018 (1978). However, supervisory liability claims against a government entity under *Monell* require an underlying constitutional violation by an individual and, where, as here, the underlying violation is barred by *Heck,* it cannot form the basis for a derivative *Monell* claim

against the entity. *Williams v. Town of Delhi*, No. 14-00043, 2015 WL 868746, at *7 (W.D. La. Feb. 27, 2015) (James, J.) (citations omitted). Therefore, plaintiff's claims against the City of Monroe Police Department are subject to dismissal, without prejudice, for the same reasons as his claims against Stephens.

## V. Conclusion

Accordingly,

IT IS RECOMMENDED that defendants' motion to dismiss for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6) [doc. # 11], argued on the basis of res judicata be DENIED, but that plaintiff's claims against defendants Timothy Stephens and the City of Monroe Police Department be DISMISSED WITHOUT PREJUDICE, sua sponte, pursuant to *Wallace v. Kato*.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL**

**FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 5th day of May 2017.

                                                                          _____
                                                                          KAREN L. HAYES
                                                                          UNITED STATES MAGISTRATE JUDGE